Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6093 | **DATE** | December 27, 2012 |
| **CASE TITLE** | U.S. ex rel. Leanel Deere (B-59201) v. William Murray | | |

**DOCKET ENTRY TEXT:**

To proceed with this case, Petitioner must both: (1) file a pleading demonstrating why this case should not be dismissed as untimely and (2) pay the $5.00 filing fee. Petitioner's failure to comply on or before February 6, 2013 will result in the dismissal of this case. Petitioner's motion to proceed *in forma pauperis* [3] is denied. Failure to pay the filing fee by February 6, 2013 will result in dismissal. His motion for the appointment of counsel [4] is denied without prejudice. To track the case, a status hearing is set for February 11, 2013, at 9:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Petitioner Leanel Deere, an Illinois prisoner at the Graham Correctional Center, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. He challenges his 1994 conviction for murder (Cook County Circuit Court No. 92-CR-21601). The dates provided by Petitioner suggest that his petition is untimely under the one-year limitations period under 28 U.S.C. § 2244(d).

According to his petition, he filed a direct appeal. The state appellate court affirmed in November 1999. He did not seek a petition for leave to appeal in the Illinois Supreme Court; nor did he file a petition for a writ of certiorari in the United States Supreme Court. In March 2002, he filed a state post-conviction petition in state court, which he voluntarily dismissed in May 2002. In August 2004, he initiated successive state post-conviction proceedings, which the trial court did not deny until July 2009. Petitioner states that the state appellate court affirmed the post-conviction denial in March 2012, and that the Illinois Supreme Court denied his petition for leave to appeal in May 2012. Petitioner then filed his federal habeas petition here in July or August of 2012.

Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, the one applicable to this case apparently being the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The other starting dates include the date on which the impediment to filing an application created by the state is removed; the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been made retroactively applicable to cases on collateral review by the Supreme Court; or the date on which the factual predicate of the claim or claims presented could have been discovered through due diligence. § 2244(d)(1)(B), (C), and (D).

**(CONTINUED)**

isk

Page 1 of 2

**STATEMENT**

Although "a properly filed application for state post-conviction or other collateral review" tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2), it does not resurrect an already-expired limitations period. Regardless whether Petitioner's state post-conviction petitions were considered timely under state law (and this Court will assume for this analysis that they were), the one-year limitations period had already expired in 2000, one year after the time for filing a petition for leave to appeal on direct review ended. Petitioner's § 2254 petition, which states that his state post-conviction petitions were filed in 2002 and 2003 (after he voluntarily dismissed the first one), thus were filed at least two years beyond the date his federal petition for habeas corpus relief was due. The petition thus appears untimely.

Accordingly, Petitioner is given until February 6, 2013 to file a memorandum explaining why his habeas petition should not be dismissed as time-barred. Plaintiff's failure to file a memorandum will result in the dismissal of this case.

Additionally, Petitioner's *in forma pauperis* application indicates that he does not qualify for pauper status for this case. His financial affidavit indicates a current balance of $25.23 and a six-month average balance of $131.00. Because Petitioner is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See, e.g., Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999), *citing Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987). Petitioner is financially able to pay the $5.00 statutory filing fee for habeas corpus petitions and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. Failure to pay the filing fee by February 6, 2013 will result in dismissal this case. Local Rule 3.3(e) (N.D. Ill.)

Petitioner's motion for the appointment of counsel is denied without prejudice. Although the court may appoint counsel for an evidentiary hearing and at any time during the proceedings if the interests of justice so require, *see* Rule 8(c), Rules Governing Section 2254 Cases, the appointment of counsel is not warranted at this stage of the proceedings.